### UNITED STATES v. WILLIAMSON.

*(District Court, E. D. Virginia. February, 1886.)*

POSTAL LAWS—PROSECUTION OF POSTMASTER FOR USING STAMPS IN PURCHASE OF GOODS.

In prosecutions of postmasters for using postage stamps in the purchase of merchandise, under chapter 259, 20 St. at Large, p. 141, the government must prove that the stamps so used had been received by the postmaster from the post-office department.

Indictment for Violation of Postal Laws.

Chapter 259 of volume 20 of the United States Statutes at Large, p. 141, declares that no postmaster intrusted with the sale or custody of postage stamps shall use or dispose *of them* in the payment of debts or purchase of merchandise. The indictment in this case charged that the defendant was United States postmaster at Tappahannock, Virginia, "intrusted with the sale and custody of postage stamps," and did at, on, etc., "unlawfully use and dispose of one hundred [one-

cent] and one thousand [two-cent] postage stamps in the purchase of merchandise, and did unlawfully sell and dispose of said postage stamps otherwise than as provided by law," etc. The case was given to the jury, and proof made that $21 in value of postal one and two cent stamps were, on a day named, mailed in a letter by the defendant to a house in Baltimore, in payment for merchandise ordered by the postmaster in the same letter. It was not proved that the stamps thus mailed for the purpose mentioned were stamps which the defendant had received, as postmaster, from the government of the United States, "intrusted" to him in his official capacity. There was strong ground for *inferring* that the stamps shown in evidence, from their fresh condition and from being still in the original sheets, had in point of fact been received by the defendant from government *as* postmaster; but there was no positive evidence of their identity, and of their having been so obtained. When the prosecution had rested their case, it was moved by defendant's counsel that the jury be instructed that, in order to conviction, it was necessary that the government should prove that the stamps used as charged in the indictment had been intrusted to the defendant by the government, in his character as postmaster.

*J. C. Gibson,* U. S. Atty., and *James Lyons,* Asst. U. S. Atty., for the prosecution.

*Edmund Waddill,* for the defense.

HUGHES, J., held that there must be proof that the stamps used had been received by the postmaster officially from the government. The phrase "of them," employed in the statute, confined its operations to stamps "intrusted" to the postmaster; and unless the indictment charged, and the evidence proved, that the stamps used by the postmaster for the purchase of merchandise had been received by him from the government, there could be no conviction. The law ought to have forbidden postmasters from using any stamps whatever, from whatever source procured, in payment of debts and the purchase of merchandise.